**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TATIANA BOVGIRYA, on behalf of herself and the putative class,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | CASE NO. _____<br><br>Jury Trial Demanded |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant American Honda Motor Co., Inc., improperly named in plaintiff's complaint as "American Honda Motor Company, Inc." ("AHM"), by its undersigned attorneys, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Union County, Law Division, Docket No. UNN-L-002556-17, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453. AHM bases this removal on the provisions of the Class Action Fairness Act of 2005 ("CAFA") and states as follows:

## NATURE OF THE ACTION

1. On July 14, 2017, Plaintiff Tatiana Bovgirya filed a Class Action Complaint and Jury Demand ("Complaint") against AHM in the Superior Court of New Jersey, Union County, Law Division.

2. Plaintiff's Complaint and summons were served on AHM on July 18, 2017. A copy of the Complaint and summons are attached as Exhibit 1.

3. In Count One of the Complaint, Plaintiff alleges that AHM violated the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56.12-15, by e-mailing her a promotional offer that did not comply with regulations relating to disclaimers, font

type and size, and footnotes promulgated under the New Jersey Consumer Fraud Act ("CFA"). Ex. 1 ¶¶ 1-3, 48, 52-60.

4. Specifically, Plaintiff contends that twelve different provisions in the e-mail violate a General Advertising regulation, *see* N.J.A.C. 13:45A-9.2(5), and a Motor Vehicle Advertising Practices regulation, *see* N.J.A.C. 13:45A-26A.7(a)(4), which renders AHM liable under the TCCWNA. Ex. 1 ¶¶ 3, 52-53, 56-58, 60. The Complaint also alleges TCCWNA liability for violating the CFA. *Id.* ¶¶ 52-58.

5. In Count Two of the Complaint, Plaintiff alleges liability under the CFA, *see* N.J.S.A. § 56:8-19, for the same purported regulatory violations. Ex. 1 ¶¶ 3-4 61.

6. As alleged factual support for her TCCWNA and CFA counts, Plaintiff claims that she received an e-mail from AHM containing a "$500* offer" towards the purchase of a new 2016 model Honda. *Id.* ¶¶ 9-14 & Ex. A thereto. The e-mail also contained a depiction of a 2016 Honda CR-V with a "Starting MSRP" listed as $23,845. *Id.* ¶¶ 15-21 & Ex. A thereto. Additional information regarding the "$500 off" and the "Starting MSRP" was provided both in the text of the e-mail and in footnotes. *Id.* ¶¶ 9-21 & Ex. A thereto.

7. According to Plaintiff, she purchased a new 2016 Honda CR-V but did not receive $500 off. *Id.* ¶¶ 24-28. Plaintiff also alleges that the CR-V she selected cost $4,777 more than the starting MSRP price listed on the e-mail. *Id.* ¶¶ 29, 32.

8. Plaintiff purports to represent a putative class defined as:

> Every natural person to whom American Honda Motor Company, Inc. sent or caused to be sent an e-mail advertisement between July 6, 2016 and September 6, 2016 that was substantially the same as the advertisement sent to Plaintiff (Exhibit A to this pleading), with the identified participating dealership located within New Jersey. *Id.* ¶ 36.

9. Plaintiff purports to seek $100 in statutory damages under the TCCWNA on behalf of herself and the putative class. *Id.* ¶ 60. Attempting to plead actual damages under the CFA "for herself only," she seeks $500 trebled, plus "all or some of the" $4,777 difference between the CR-V she purchased and the starting MSRP. *Id.* ¶¶ 66, 29. For putative class members' CFA claims, Plaintiff purports to disclaim any damages; she only seeks equitable relief and an injunction that (1) requires AHM notify class members of their right to seek relief individually outside of this litigation; and (2) prohibits similar practices in the future. *Id.* ¶¶ 64-65; WHEREFORE (ii)(b)-(c). Finally, she seeks declaratory relief and reasonable attorneys' fees and costs. *Id.* ¶¶ 60-63; WHEREFORE (i)(d), (ii)(a), (ii)(e).

## THIS CASE IS REMOVABLE UNDER CAFA

10. CAFA provides for federal jurisdiction over putative class actions when: (1) there is minimal diversity; and (2) there is at least $5 million in controversy. 28 U.S.C. § 1332(d)(2).

### A. The Parties Are Minimally Diverse.

11. Minimal diversity under CAFA exists when any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(1)(A), (B), (D); *id.* § 1332(d)(2)(A).

12. Plaintiff is a citizen of New Jersey. Ex. 1 ¶ 6 (stating that Plaintiff resides in Springfield, New Jersey).

13. AHM is a corporation organized under the laws of California, with its principal place of business in California. Therefore, AHM is a citizen of California. 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation is a citizen of every state in which it is incorporated and in which it has a principal place of business).

14. Accordingly, minimal diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A).

**B.     More Than $5 Million Is In Controversy.**

15.     Approximately 8,554 individuals were sent an e-mail between July 6, 2016 and September 6, 2016 that is substantially similar to the one identified in the Complaint and that identified a participating dealership located in New Jersey.[1]

16.     The TCCWNA provides for statutory damages of at least $100 for each violation. N.J.S.A. § 56:12-17.

17.     Because the Complaint identifies twelve provisions in the e-mail that allegedly violate the TCCWNA, the amount in controversy under Count One is $10,264,800 (i.e., $1,200 per class member x 8,554).  *See Truglio v. Planet Fitness, Inc.*, 2016 WL 4084030, at *10 (D.N.J. July 28, 2016); *Walsh v. Defenders Inc.*, 2016 WL 6775706, at *3 (D.N.J. July 15, 2016).

18.     In the alternative, and at a minimum, the Complaint alleges violations of clearly established rights under two regulations and one statute, *see* N.J.A.C. 13:45A-9.2(5), N.J.A.C. 13:45A-26A.7(a)(4), and N.J.S.A. § 56:8-19, generating an amount in controversy under Count One of $2,566,200 (i.e., $300 per class member x 8,554).

19.     Accordingly, the amount in controversy under Count One is at least $2,566,200 and at most $10,264,800.

20.     The CFA provides for treble damages resulting from prohibited acts. N.J.S.A. § 56:8-19.

21.     Plaintiff claims damages for the unredeemed $500 offer plus the $4,777 difference between the 2016 Honda CR-V she purchased and the $23,845 starting MSRP listed

---

[1] Direct mailings were also sent to approximately 27,378 individuals.  The class definition seeks to recover only for e-mails.

in the e-mail. Ex. 1 ¶¶ 66, 29. Her potential damages under the CFA are thus $15,831 (i.e., ($500 + $4,777) x 3).

22. Plaintiff alleges that her claims "are typical of the claims of the members of the Class." *Id.* ¶ 39.

23. Plaintiff does not allege how many putative class members, like her, also claim damages under the CFA because they purchased a new vehicle but did not receive $500 off or selected a vehicle above the starting MSRP listed in the e-mail.

24. At least 178 members of the putative class purchased a new vehicle and did receive $500 off. Using the same figure to represent the number of putative class members who instead claim CFA damages, the amount in controversy is $2,817,918 (i.e., $15,831 per class member x 178). *See Alegre v. Atlantic Central* Logistics, 2015 WL 4607196, at *6 (D.N.J. July 31, 2015) ("Plaintiff alleges in the Complaint that his claims are typical of the class, and accordingly, the Court must multiply the monetary value of Plaintiff's claim by an approximation of the class size.").

25. In the alternative, if individual CFA damages are only $6,277, as Plaintiff purports to claim in the Complaint by trebling only the unredeemed $500 offer, *see* Ex. 1 ¶¶ 66, 29 (seeking $500 trebled plus up to $4,777 over the starting MSRP listed in the e-mail), the amount in controversy for CFA damages is $1,117,306.

26. Although Plaintiff purports to disclaim CFA damages for the putative class in lieu of declaratory, equitable, and injunctive relief, this pleading tactic does not impact the amount in controversy.

27. First, a plaintiff may not avoid removal by attempting to cap or eliminate damages to the class that are available under claims specifically pleaded in the complaint. *See Knowles v. Standard Fire Ins. Co*, 133 S. Ct. 1345, 1349 (2013).

28. Second, even if Plaintiff may seek only declaratory, equitable, and injunctive relief on behalf of the putative class, the value of that relief must be considered in determining the amount in controversy. *Grace v. T.G.I. Fridays, Inc.*, 2015 WL 4523639, at *9 n.8 (D.N.J. July 27, 2015).

29. Here, Plaintiff demands that AHM notify putative class members informing them of their individual right to recover under the CFA. Plaintiff herself claims the right to recover thousands of dollars under the statute, and she contends that her claims are typical of those of the class. Thus, the value of relief afforded to individual class members under Count Two is the same as the value of Plaintiff's own claim for CFA damages—regardless of whether the relief is in the form of compensatory damages to class members or "equitable notice relief" informing them of their right to receive those damages.

30. Finally, Plaintiff seeks an injunction under Count Two prohibiting similar practices in the future.

31. A future injunction reasonably provides at least as much value as the damages and alleged equitable relief that purport to remedy existing harm under the CFA. Thus, this request under Count Two likewise generates an amount in controversy of either $2,817,918 or $1,117,306. *See supra* ¶¶ 24-25.

32. Accordingly, the amount in controversy under Count Two is at least $2,234,612 (i.e., $1,117,306 x 2); alternatively, it is $5,635,836 (i.e., $2,817,918 x 2). *See supra* ¶¶ 24-25, 31.

33. As noted, the amount in controversy under Count One alone satisfies the $5,000,000 removal threshold. *See supra* ¶ 17.

34. But even using the more conservative valuation of $2,566,200 for Count One, *see supra* ¶ 18, in combination with Count Two this generates an amount in controversy of $4,800,812–$8,202,036. *See supra* ¶¶ 17-18, 32.

35. Plaintiff also seeks attorneys' fees, which must also be considered as part of the amount in controversy. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). In consumer-fraud class actions, "fees could be as much as thirty percent of the judgment." *Id*.

36. Adding thirty percent to the amount in controversy produces a range of $6,241,055–$10,662,646. *See id.*

37. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) and (d)(6).

C. **None of The Exceptions to CAFA Jurisdiction Apply**

38. Although CAFA contains certain exceptions, and it is the Plaintiff's burden to prove they apply, none apply here.

39. Under 28 U.S.C. § 1332(d)(4), CAFA does not extend federal diversity jurisdiction to class actions in which more than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed, at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the asserted claims is a citizen of the State in which the action was originally filed, and the principal injuries occurred in the State in which the action was originally filed. Here, AHM is not a citizen of New Jersey. Accordingly, the provisions of 28 U.S.C. § 1332(d)(4) do not preclude the exercise of federal jurisdiction.

40. Under 28 U.S.C. §§ 1332(d)(5), CAFA does not extend federal diversity jurisdiction to class actions in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" or "the number of members of all proposed plaintiff classes in the aggregate is fewer than 100." Here, AHM is not a state, state official, or other governmental entity. Further, the putative class is well over 100 citizens. Accordingly, the provisions of 28 U.S.C. § 1332(d)(5) do not preclude the exercise of federal jurisdiction.

41. Under 28 U.S.C. § 1332(d)(9), CAFA does not extend federal diversity jurisdiction to class actions involving solely (A) securities covered under the federal securities laws, (B) a corporation's internal affairs or governance, or (C) the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(A)-(C). The allegations in Plaintiffs' Complaint do not relate to such claims. Accordingly, the provisions of 28 U.S.C. § 1332(d)(9) do not preclude the exercise of federal jurisdiction.

**AHM HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL.**

42. AHM was served on July 18, 2017. This Notice of Removal is timely filed before the expiration of 30 days from the receipt of Plaintiff's complaint and summons. 28 U.S.C. § 1446(b).

43. In accordance with 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings and orders received by AHM during the pendency of the action in the New Jersey Superior Court are annexed hereto. The only documents in the action in the New Jersey Superior Court which have been received by AHM are the summons to AHM, the Complaint, and the Track Assignment Notice.

44. Pursuant to 28 U.S.C. § 1446(a), AHM will contemporaneously give Plaintiff written notice of this filing and file a copy of this Notice of Removal with the Superior Court of New Jersey, Union County, Law Division.

45. AHM reserves the right to amend or supplement this Notice of Removal, and it reserves all rights and defenses, including those available under Fed. R. Civ. P. 12.

46. AHM requests a jury trial in this case.

## CONCLUSION

47. For all the reasons stated above, this action is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, AHM respectfully removes this case to the United States District Court for the District of New Jersey.

Date:  August 17, 2017

Respectfully submitted,

GREENBAUM ROWE SMITH & DAVIS, LLP

*s/C. Brian Kornbrek*

Attorneys for Defendant
America Honda Motor Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2017, I electronically filed the Notice of Removal of Civil Action of Defendant American Honda Motor Co., Inc., with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered users in this action.

*s/C. Brian Kornbrek*

Attorney for Defendant
America Honda Motor Co., Inc.